JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-01781-RGK (AJWx) | Date | July 5, 2012 |
|---|---|---|---|
| Title | **DANIEL v. GEITHNER** | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Defendant's Motion to Dismiss (DE 21)

**I.   INTRODUCTION**

On March 2, 2012, *pro se* Plaintiff Scott Daniel Macneilage filed a Complaint against Timothy Geithner ("Defendant") in his official capacity as Secretary of the Treasury. While Plaintiff's claim is not entirely clear, it appears Plaintiff seeks to enjoin the Internal Revenue Service ("IRS") from assessing and collecting his tax liability. Plaintiff further seeks Defendant's arrest if the IRS continues its attempts to assess and collect taxes from Plaintiff.

On May 11, 2012, Defendant filed this Motion to Dismiss based upon lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), insufficiency of service of process under Fed. R. Civ. P. 12(b)(5), failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and failure to provide a short and plain statement of claims and the Court's jurisdiction under Fed. R. Civ. P. 8.

For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1).

**II.   FACTUAL BACKGROUND**

Plaintiff's Complaint does not clearly describe the circumstances giving rise to this suit. However, Plaintiff attached to the Complaint an IRS Notice of Federal Tax Lien Filing dated October 26, 2010 in the amount of $175,665.54. According to the Notice, Plaintiff owes the IRS $110,665.54 for unpaid income taxes from 2001 to 2004, and $65,000 in penalties for frivolous tax submissions from 1997 to 2007. Plaintiff also attached to the Complaint numerous communications from the IRS stating that if Plaintiff fails to pay his tax obligations, the IRS may

take possession of Plaintiff's property or property rights. The Court infers from Plaintiff's Complaint and the attached IRS documents that he wishes to enjoin the IRS from enforcing the lien or taking possession of Plaintiff's property or property rights.

### III.    JUDICIAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkenen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts presumptively lack jurisdiction over civil actions, and the party who invokes jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.* (citations omitted).

A Rule 12(b)(1) challenge may be "facial" or "factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* If the defendant makes a facial attack, a district court must assume the factual allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *Warren v. Fox Family Worldwide*, 328 F.3d 1136, 1139 (9th Cir. 2003). A court will grant a Rule 12(b)(1) challenge if, on its face, the complaint fails to allege grounds for subject matter jurisdiction as required by Rule 8(a). *See Id.*

Federal courts are particularly liberal in construing "inartful pleading" by *pro se* parties. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "a pro se litigant is not excused from knowing the most basic pleading requirements." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir.2000) (citations omitted).

### IV.    DISCUSSION

Defendant argues the Court lacks subject matter jurisdiction over Plaintiff's claim because the United States has not waived its sovereign immunity. For the following reasons, the Court agrees.

As an initial matter, Defendant did not file an Opposition. Pursuant to Local Rule 7-12, the Court may interpret Plaintiff's failure to file a timely opposition as consent to the granting of Defendant's Motion to Dismiss. C.D. Cal. L. R. 7-12. On this basis alone, the Court could grant Defendant's Motion. Nonetheless, the Court will consider the merits of the Motion.

As a sovereign, the United States is immune from suit unless it has expressly waived its immunity and consented to be sued. *See United States v. Mitchell,* 445 U.S. 535, 538 (1980). "The question of whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction." *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988). In a suit against the federal government, the plaintiff bears the burden of showing an unequivocal waiver of immunity. *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). A waiver of the Federal Government's sovereign immunity must be "unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (quoting *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33-34 (1992)). If sovereign immunity has not been waived, the court must dismiss the suit for lack of subject matter jurisdiction. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).

The fact that Plaintiff named Geithner as Defendant does not keep the action from being a suit against the United States. The doctrine of sovereign immunity extends to agents and officers of the United States when they are sued in their official capacities. *Spalding v. Vilas,* 161 U.S. 483, 498–99 (1896). It has long been the rule that the bar of sovereign immunity

cannot be avoided by naming officers and employees of the United States as defendants. *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688 (1949). Plaintiff appears to have named Geithner as Defendant because Geithner leads the Department of the Treasury, of which the IRS is part. Thus, Plaintiff's suit is against Defendant Geithner in his official capacity and is therefore a suit against the United States. As such, Plaintiff must show the United States has waived its sovereign immunity in this matter.

In his Complaint, Plaintiff points to a variety of statutes to support his contention that this Court properly has jurisdiction over his claim. Specifically, Plaintiff cites: 28 U.S.C. § 1603, which concerns the jurisdictional immunity of foreign states; 22 U.S.C. § 611, which governs the registration of foreign propagandists; and portions of the State of Colorado Constitution and Colorado laws and regulations. Next, Plaintiff cites several federal criminal statutes: 18 U.S.C. § 661, concerning maritime embezzlement and theft; 18 U.S.C. § 1201, a federal kidnapping statute; and Article III, § 3 of the U.S. Constitution and 18 U.S.C. § 2381, both governing treason. Finally, Plaintiff mentions 28 U.S.C. § 1331, which generally provides jurisdiction over a matter of federal question, and 28 U.S.C. § 1333, which creates federal jurisdiction over admiralty matters.

None of these laws demonstrates the waiver of sovereign immunity necessary to maintain a suit against the United States. As such, the Court lacks subject matter jurisdiction over Plaintiff's claim.

## V.   **CONCLUSION**

In light of the foregoing, the Court **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

|                     |          :        |
|---------------------|-------------------|
| Initials of Preparer | slw              |